(40 Misc. Rep. 208.)

ROGOW et al. v. CLARK.

(Supreme Court, Appellate Term. March, 1903.)

1. ARREST IN CIVIL CASES—DISCHARGE—EXECUTION.
　　Under the direct provisions of the Municipal Court act (Laws 1902, p. 1511, c. 580, § 68), where a defendant is under arrest the court must, on his application, grant an order discharging him from arrest if plaintiff fails to take out an execution on a judgment in his favor before the expiration of 24 hours after he is entitled thereto.

2. SAME—ARREST ON EXECUTION.
　　Where a defendant under arrest is discharged, after rendition of judgment in the Municipal Court, for failure of plaintiff to take out an execution within 24 hours, such discharge does not defeat the right of plaintiff to the subsequent issue of a body execution upon the judgment in the manner prescribed by Laws 1902, p. 1568, c. 580, § 271, in such cases.

3. SAME.
　　Code Civ. Proc. § 572, providing that, where defendant is discharged from arrest for failure to take out an execution, he shall not be arrested on an execution issued on the judgment, does not apply to municipal courts.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Samuel Rogow and Joseph Gold against Louis Clark. Judgment for plaintiffs. From an order discharging defendant from arrest, and providing that no body execution should issue, exonerating the sureties on the bail bond, plaintiffs appeal. Modified.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Gustavus A. Rogers, for appellants.
Herman S. Fried, for respondent.

FREEDMAN, P. J. The question involved in this · case is the construction of the last clause of section 68 of chapter 580, p. 1511, Laws 1902, known as the "Municipal Court Act," and arises from the following state of facts:

On October 20, 1892, the defendant was arrested pursuant to an order of arrest obtained herein by the plaintiffs, and upon the same day admitted to bail. On November 7, 1902, the case was tried, and judgment rendered in favor of the plaintiffs for the sum of $197 damages and costs, which judgment provided that the defendant be subject

to arrest and imprisonment. Upon November 28, 1902, the defendant made a motion that he be discharged from arrest, upon the ground that more than 24 hours had elapsed since the judgment herein was rendered, and no execution had been issued. The motion was granted, and an order entered which directed "that the defendant be discharged from arrest under the order of arrest granted in this action on the 20th day of October, 1902, and that no body execution issue against him upon the judgment."

Section 68 of chapter 580, p. 1511, Laws 1902, reads as follows:

"A defendant, arrested as prescribed in this article, may, without notice, upon the appearance of the plaintiff before the court, or at any time afterwards before judgment, upon two days' notice given personally to the plaintiff, or his agent or attorney who appeared for him before the court, apply to the court for an order, discharging him from arrest. The application may be founded upon the papers upon which the order of arrest was granted, and upon the complaint, if it has been made. * * * The court must also, upon the defendant's application, grant an order discharging him from arrest, if the plaintiff fails to take out an execution upon a judgment in his favor, before the expiration of twenty-four hours after he is entitled thereto."

The commissioners' note to this section (Collin's Mun. Ct. Pr. 65) states that "the foregoing is substantially section 2901 of the Code, except twenty-four hours instead of one hour."

As before stated, the defendant was arrested and gave bail. At the time the judgment was entered, and at the time the motion to vacate the order of arrest was granted, he was constructively under arrest by virtue of the order issued herein. By giving bail he was practically transferred from the custody of the marshal to the custody of his sureties, who could surrender him at any time. It is conceded that no execution was issued within 10 days after the entry of judgment herein, and therefore the defendant was entitled upon his motion to be discharged from the order of arrest, and to that extent the decision of the trial court was correct.

It is also claimed by the defendant that by virtue of the provisions of section 20, p. 1496, of the new Municipal Court act, section 572 of the Code of Civil Procedure is made applicable to proceedings in the Municipal Court. and that as the last clause of section 572 provides that "a defendant discharged as prescribed in this section shall not be arrested upon an execution issued upon the judgment in the action," the defendant is exempt from future arrest upon an execution issued against the body, and was entitled to have the judgment herein amended or modified by striking out the clause authorizing such an execution. In this the respondent is in error. Section 572 applies only in the Supreme Court. In actions in the Supreme Court, where the defendant is liable to arrest upon a judgment, an execution must be first issued against the property of the judgment debtor and returned unsatisfied. Then an execution may be issued against the person. If the execution against the person be not issued within 10 days after the return of the unsatisfied property execution, the defendant must "be discharged from custody if he has already been taken under the mandate against him in such action, or if he has not been imprisoned therein, be relieved from imprisonment by virtue of such mandate." "A defendant discharged as prescribed in this section,

shall not be arrested upon an execution issued upon the judgment in the action." In an action in the Municipal Court, when the defendant is liable to arrest and imprisonment under the judgment obtained, but one execution is issued. Such execution requires the officer executing the same to collect the amount thereof out of the personal property of the judgment debtor, if possible; if not, then to arrest the defendant. New Municipal Court Act, p. 1568, § 271. Section 272 provides that "when the execution directs the arrest of the defendant for want of sufficient personal property, etc., the officer may, without further delay arrest the defendant," etc. The plaintiff in an action in the Municipal Court can therefore have but one execution in form as above stated, and he must, under the provisions of section 68, supra, take out that execution before 24 hours have elapsed after he is entitled to judgment; otherwise the defendant must be discharged. Section 572, supra, therefore, cannot be construed as referring to Municipal Court actions. It is equally evident that the provision of section 68, p. 1511, of the Municipal Court act, has reference only to the order of arrest under which the defendant is either actually or constructively imprisoned, and does not relieve the defendant from arrest and imprisonment, in default of property, under the execution which may be issued upon a judgment authorizing such arrest. As before stated, section 68 of the new Municipal Court act is section 2901 of the Code of Civil Procedure, with the change extending the time for the issuance of an execution from 1 hour to 24 hours. Section 2901 is followed by section 2902, which provides that "his [defendant's] discharge from arrest, after judgment, as prescribed in the last section, does not affect the execution." This can refer to but one execution, as but one execution is issued upon such a judgment; and it cannot, therefore, be said that such clause refers to an execution against the property, and not to an execution against the person. The respondent refers to the provisions of the Code of Civil Procedure, which prescribe the practice in Justices' Courts, as the "Justices' Court Act," as distinguished from the Code. Those provisions are not, and never were, designated as the "Justices' Court Act." They are as much a part of the Code of Civil Procedure as those provisions referring to the Supreme Court or the City Court. The practice in Justices' Courts and in Municipal Courts is similar in many respects, and prior to the passage of the new Municipal Court act those sections of the Code which were intended to apply to Municipal Court practice were made so by being specifically designated. The new Municipal Court act has, however, by section 20, supra, made the general provision that "the provisions of the Code of Civil Procedure * * * shall apply to the Municipal Court so far as they can be made applicable." Section 2902, therefore, being consistent with the intent and practice in Municipal Courts, is applicable, and can be read in as part of such new act.

It was therefore error for the court below to direct that the provision in the judgment herein authorizing the issuing of a body execution should be stricken out. The order must be modified by affirming that portion which discharges the defendant from arrest, and reversing that part which strikes out the clause in the judgment

herein authorizing the issuing of an execution against the person of the defendant. Order affirmed as to that part which discharges the defendant from arrest, and reversed as to that portion which strikes out from the judgment the direction that the defendant is liable to arrest and imprisonment, and, as modified, affirmed, without costs to either party on this appeal.

Order affirmed as to part which discharges defendant from arrest, and reversed as to portion which strikes out from judgment direction that defendant is liable to arrest, and, as modified, affirmed, without costs to either party on this appeal. All concur.